UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHANCE CLARK, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.: 2:20-CV-4232 |
| | ) | JUDGE MICHAEL H. WATSON |
| Plaintiff, | ) ) | |
| | ) | MAGISTRATE JUDGE CHELSEY M. |
| vs. | ) | VASCURA |
| | ) | |
| THERMO FISHER SCIENTIFIC ASHVILLE, LLC, | ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND** |
| | ) | **STIPULATION OF DISMISSAL** |
| Defendant. | ) | **WITH PREJUDICE** |

I.      **INTRODUCTION**

Representative Plaintiff Chance Clark, on behalf of himself and all Opt-In Plaintiffs, and

Defendant Thermo Fisher Scientific Ashville, LLC ("Defendant" or "Thermo Fisher") respectfully

move this Honorable Court to approve the proposed Settlement reached by the Parties and

memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement")

attached as Exhibit 1.

The proposed settlement will resolve bona fide disputes involving overtime compensation

claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as

corresponding state wage-and-hour statutes.  Plaintiff asserted that Defendant unlawfully failed to

pay its hourly, non-exempt manufacturing employees, including Plaintiff, for all time worked and

overtime compensation at the rate of one and one-half times their regular rate of pay for all of the

hours they worked over 40 each workweek.

If approved by the Court, the Settlement will provide for the issuance of Individual

Payments within thirty calendar days (30) days.

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA.  The Settlement was achieved during arms-length negotiations among the Parties over a period of time, conducted by experienced counsel, until it was finally reached on June 16, 2021.

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit 1:    Joint Stipulation of Settlement and Release

Exhibit 2:    Declaration of Lori M. Griffin

Exhibit 3:    Order of Dismissal and Approving Settlement

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II.    **FACTUAL AND PROCEDURAL BACKGROUND**

### A.    **The Action**

On August 20, 2020 Representative Plaintiff Chance Clark filed this Action alleging that Defendant did not pay its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation for all hours worked over 40 hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

Plaintiff alleged that he and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) changing into

2

and out of personal protective equipment; b) getting tools and equipment that were necessary to perform their manufacturing work; c) walking to their assigned area of the manufacturing floor; and/or d) performing their manufacturing work.  Defendant responded to the Complaint denying Plaintiff's allegations and specifically denied that it failed to compensate any of its employees for compensable work time.

On November 3, 2020, the Parties filed their Stipulation to Conditional Certification, which the Court granted on November 19, 2020.  (Docs. 10 and 12).  On November 24, 2020, the notice was mailed to 175 putative class members.  The Notice period closed on December 24, 2020. In addition to Representative Plaintiff Chance Clark, ten individuals opted-in to the case.

**B.      Negotiation of The Settlement**

Between March and June 2021 the Parties engaged in an exchange of information, which included the production of time and pay information relating the Plaintiffs, performing extensive calculations to determine the alleged damages of Plaintiffs, numerous telephone discussions regarding the calculation of damages and potential resolution.

The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement.  Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate Complaint for the Court and Defendant. This included a complete analysis and calculations of Plaintiffs' damages. Counsel for the Parties engaged in numerous and lengthy discussions regarding the damage calculations and Plaintiffs' claims and Defendants' defenses.  This included interviewing and obtaining declarations from numerous putative class members

Between April and June 2021, the Parties engaged in settlement negotiations, including the exchange of numerous letters and discussions between Counsel for the Parties which detailed the Parties' legal and factual positions.

On June 16, 2021, in an effort to reach a compromise and to avoid the continued expense and burden of litigation, the Parties reached an agreement to settle the Lawsuit on the terms set forth in the Settlement Agreement.

### C.     The Settlement Terms

If approved by the Court, the Settlement will cover Representative Plaintiff and the 10 Opt-In Party Plaintiffs ("Plaintiffs").  Because the proposed Settlement is an FLSA settlement for employees who have already opted in, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the opt-ins already consented to Chance Clark as the Representative Plaintiff and to be bound by any settlement and/or judgement in this case, no fairness hearing is required or requested by the Parties.[1]

The Total Settlement Amount is Thirty-Four Thousand Five Thousand Dollars ($34,500.00) which is inclusive of: (a) all of the Individual Settlement Payments to Plaintiffs; (b) the Service Award Payment as approved by the Court to Representative Plaintiff Clark; and (c) Plaintiffs' Counsel's attorneys' fees and expenses as approved by the Court.  During the three-year period, Plaintiff were allegedly denied approximately $7,234.35 in overtime compensation for an extra 15 minutes per day or 1.25 hours per week.  (*See* Exhibit 2 at ¶ 32.)

---

[1] *See Moore v. Ackerman Inv. Co*., C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

Fourteen Thousand Five Hundred Sixty-Eight Dollars and Seventy Cents ($14,568.70) of the Total Settlement Amount will be divided into Individual Settlement Payments to the Plaintiffs, which equals 100% of their alleged overtime damages and 100% of their alleged liquidated damages for the three-year statute of limitations period.  (*Id.* at ¶ 33.)  The Parties have agreed to a $25.00 minimum payment for any Opt-In Plaintiffs that are outside of the three-year statute of limitations period. The Individual Payments are provided in Appendix 1 of the Settlement.  (*Id.* at ¶ 34.)

One Thousand Five Hundred Dollars ($1,500.00) of the Total Settlement Amount will be paid to Representative Plaintiff Chance Clark in addition to his individual payment for his service as Representative Plaintiff and for executing a general release of all claims. (*Id.* at ¶ 36.)   In addition, Sixteen Thousand Eight Hundred Nine Dollars and Thirty Cents ($16,809.30) will be paid to Plaintiffs' Counsel for attorneys' fees and $1,622.00 for expenses incurred and expected to be incurred in the Action, and administration of the settlement. (*Id.* at ¶ 37.)   This fee award is reasonable in light of the benefit achieved for Plaintiffs and is less than Plaintiffs' counsel's lodestar. (*Id.* at ¶¶ 37-38, 41-42.)

In exchange, the Action will be dismissed, and the Plaintiffs will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and corresponding state wage and hour statues for the Release Period.

### III.     THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As shown in the attached Declaration of Lori M. Griffin, and as explained below, Court approval is warranted on all scores.

####     A.     The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness."  *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at \*1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute"), citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'"  *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at \*3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983), *quoted in Crawford*, 2008 WL 4724499 at \*3.  As shown below and in the Griffin, Declaration (*see* Exhibit 2), the standard supports approval of the Settlement.

6

B. **The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny that applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. (*See* Exhibit 2.) The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While only little formal discovery has yet commenced, the Parties have engaged in substantial investigation and exchange of records prior to and during the negotiations, and the issues are well understood by both sides. (*Id*. at ¶¶ 22-25.) The outcome is uncertain for Plaintiffs, and the risks of continued litigation are evident for both sides. (*Id*. at ¶ 40.) The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff. (*See* Exhibit 2.)

All Individual Payments were calculated proportionally on each Plaintiff's alleged overtime damages during the Released Period. (*Id*. at ¶ 33.)

If approved by the Court, the Proposed Settlement will provide adequate payments to the Plaintiffs for unpaid overtime compensation. Plaintiffs' Counsel calculated the alleged overtime compensation owed to Plaintiffs by adding fifteen (15) minutes per shift worked during the relevant statute of limitations period. (*Id*. at ¶ 34.)

Between December 11, 2017 and August 26, 2020, Plaintiffs were allegedly denied approximately $7,234.35 in overtime compensation for an extra 15 minutes per day or 1.25 hours per week.  (*Id*. at ¶ 32.)

Pursuant to the Settlement, each Plaintiff will receive 100% of their alleged overtime damages and 100% of their alleged liquidated damages for the three-year statute of limitations period.  (*Id*. at ¶ 34.)  Accordingly, the settlement proceeds are fair, reasonable and adequate.

## C.    Plaintiffs' Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  29 U.S.C. § 216(b).

The Sixth Circuit underscored that "an award of attorney fees … 'encourage[s] the vindication of congressionally identified policies and rights,'" and thus "we have 'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" *Fegley*, 19 F.3d at 1134-35, quoting *United Slate,* 732 F.2d at 502; *Posner v. The Showroom, Inc., 762* F.2d 1010, 1985 WL 13108 at *2 (6th Cir. 1985).  In *Fegley*, the Court upheld an award of $40,000.00 in fees even though the plaintiff recovered $7,680.00 in damages.  *Id*.  Courts outside the Sixth Circuit similarly do not place an undue emphasis on the amount of the plaintiff's recovery. *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994), citing *Posner v. The Showroom, Inc.,* 762 F.2d 1010 (6th Cir.1985) (internal quotations omitted).  See also  *Cox v. Brookshire Grocery Co*., 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare,* 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Gonzalez v. Bustleton Services, Inc*., 2010 U.S. Dist. LEXIS 85153 (E.D.

8

Pa. Aug 10, 2010) (awarding $76,066 in fees and costs after FLSA trial in which plaintiffs recovered $18,496); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *Fedotoff v. American Testing Co.*, Case No. CV-07-626871 (Cuyahoga County Court of Common Pleas) (awarding $192,856 in attorneys' fees and costs although the plaintiff recovered $18,924 in overtime); *Perrin v. John B. Webb & Associates, Inc*., 2005 WL 2465022 (M.D. Fla. 2005) (awarding $7,446.00 in attorneys' fees and costs although the plaintiff recovered $270.00, and recognizing that "in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time."); *Parks v. Eastwood Insurance Services, Inc*., 2005 WL 6007833 (C.D. Cal. 2005) (awarding over $2 million in attorneys' fees and costs although the plaintiffs recovered $1.2 million);  *Heder v. City of Two River*s, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc*., 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); and *Holyfield v. F.P. Quinn & Co*., 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

Plaintiffs' Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. (*See* Exhibit 2.).  The litigation expenses sought to be reimbursed are proper and reasonable.  Plaintiffs' Counsel has incurred expenses in the amount of $1,622.00, which included $615.00 dollars incurred for issuance and administration of the Notice to approximately 180 potential opt-in plaintiffs; $400 incurred for the filing fee; $32.00 for letter communications with Opt-In Plaintiffs; and $500.00 for miscellaneous litigation

expenses. (*Id.* at ¶¶ 37, 42.) All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Notice to the Class of the Settlement. (*Id.* at ¶ 42.)

## IV.    CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit 3.

Respectfully submitted,

| | |
|---|---|
| /s/ Lori M. Griffin | /s/ Gregory v. Mersol |
| Lori M. Griffin (0085241) | Gregory V. Mersol (00308380) |
| Chastity L. Christy (0076977) | Gilbert Brosky (0079855)) |
| Anthony J. Lazzaro (0077962) | Carrie Valdez (0094004) |
| The Lazzaro Law Firm, LLC | Baker Hostetler LLP |
| The Heritage Building, Suite 250 | Key Tower |
| 34555 Chagrin Boulevard | 127 Public Square, Suite 2000 |
| Moreland Hills, Ohio 44022 | Cleveland, Ohio 44114 |
| Phone: 216-696-5000 | Phone:  216-621-0200 |
| Facsimile: 216-696-7005 | Facsimile: 216-696-0740 |
| chastity@lazzarolawfirm.com | gmersol@bakerlaw.com |
| anthony@lazzarolawfirm.com | gbrosky@bakerlaw.com |
| lori@lazzarolawfirm.com | cvaldez@bakerlaw.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

 /s/ Lori M. Griffin
Lori M. Griffin