UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Chance Clark, *on behalf of himself and those similarly situated,*

    Plaintiff,

v.

Thermo Fisher Scientific Asheville LLC,

    Defendant.

Case No. 2:20-cv-4232

Judge Michael H. Watson

Magistrate Judge Vascura

### OPINION AND ORDER

Chance Clark ("Representative Plaintiff") sued Thermo Fisher Scientific Asheville LLC ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act and analogous state laws. Compl., ECF No. 1. Representative Plaintiff alleges that Defendant did not properly pay him and other similarly situated manufacturing employees for all hours worked. *Id.* Representative Plaintiff did not request an award in a specific amount. *Id.* Ten other employees have since joined the action. Mot. 3, ECF No. 19. The parties have settled Plaintiff's claims and move for approval of their settlement agreement. ECF No. 19.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties. There is a bona fide dispute in

this case as the parties dispute whether Defendant failed to properly pay Plaintiff and similarly situated manufacturing employees for all hours worked. There is no indication that the settlement was reached by anything other than arms' length negotiations. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Although the parties did not engage in formal discovery, they did engage in substantial investigation and counsel for both sides were able to assess the strengths and weakness of their respective cases.

The parties represent that each plaintiff will receive 100% of their alleged overtime damages and 100% of their alleged liquidated damages for the alleged three-year limitations period. The exact amount will be calculated on an individual basis. Representative Plaintiff will receive a $1,500 service award in addition to his individual payment. Both these payments are reasonable. *See Shane Grp. Inc v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").

Moreover, attorney's fees and expenses in the amount of $16,809.30 are reasonable for the amount of work that was performed in this case, including settlement negotiations, and the substantial cost of mail opt-in notices.

The parties' joint motion, ECF No. 19, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT